UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CHRIS ELLIOTT on Behalf of Himself and on Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. _____ |
| V. | § § | JURY TRIAL DEMANDED |
| SCHLUMBERGER TECHNOLOGY CORPORATION and SCHLUMBERGER LIMITED (SCHLUMBERGER N.V.), | § § § § § § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
<u>**COLLECTIVE ACTION AND CLASS ACTION**</u>

1. Plaintiff Chris Elliott ("Plaintiff"), individually and on behalf of all other "similarly situated" employees of Defendants Schlumberger Technology Corporation and Schlumberger Limited (Schlumberger N.V.) (collectively "Defendants"), files this lawsuit to recover unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the provisions of section 216(b) of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended 29 U.S.C. §§ 201, *et seq*, and Title 34 of the North Dakota Century Code.

<u>**NATURE OF THE CASE**</u>

2. This case is an action to recover overtime wages brought under the FLSA and Title 34 of the North Dakota Century Code.

3. The Plaintiff and Collective Action Members (hereinafter the "FLSA Class Members") worked for Defendants as Equipment Operators and Equipment Operator Trainees in Defendants' oil and gas drilling operations.

1

4. The Plaintiff and the Putative Class Action Participants (hereinafter the "North Dakota Class Members") worked for Defendants as Equipment Operators and Equipment Operator Trainees in Defendants' oil and gas drilling operations in North Dakota.

5. Defendants failed to pay Plaintiff, FLSA Class Members, and North Dakota Class Members proper overtime. With respect to Plaintiff and the FLSA Class Members, Defendants violated the Fluctuating Workweek Method of pay and also failed to properly calculate overtime within the strictures of the FLSA. With respect to the Plaintiff and the North Dakota Class Members, Defendants failed to properly calculate overtime under Title 34 of the North Dakota Century Code and its implementing regulations.

6. In particular, Defendants committed violations of the FLSA by the following, non-exhaustive acts:

   a. Paying the Plaintiff and the FLSA Class Members on the Fluctuating Work Week ("FWW") method, 29 C.F.R. § 778.114, of overtime despite failing to pay a fixed salary;

   b. Paying the Plaintiff and the FLSA Class Members on the FWW method of overtime despite those employees not having a clear and mutual understanding that they would be paid in such a manner;

   c. Failing to include bonuses and other remuneration paid to the Plaintiff and the FLSA Class Members in the calculation of the regular rate for the purposes of determining overtime;

   d. Paying the Plaintiff and the FLSA Class Members overtime at rates less than what the law requires;

   e. Altering time records to avoid paying the full measure of overtime.

7. Defendants violated North Dakota state law by failing to include bonuses and other remuneration paid to the North Dakota Class Members in the calculation of the regular rates of pay for the purposes of determining overtime.

8. Through this lawsuit, Plaintiff seeks unpaid overtime compensation and an equal amount for liquidated damages for the three years prior to the filing date of this lawsuit up to the present for himself and for all "similarly situated" employees that exercises their rights under the FLSA to opt-in to this action.

9. Through this lawsuit, Plaintiff seeks unpaid overtime compensation and an amount for liquidated damages up to three times the amount of unpaid overtime compensation for the two year period prior to the filing of this lawsuit for himself and all North Dakota Class Members.

10. Furthermore, Plaintiff prays that the state law claims advanced herein be certified as a Class Action under Fed. R. Civ. P. 23.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

12. This Court has personal jurisdiction over Defendants because each do business in North Dakota.

13. Venue is proper in the District of North Dakota because a substantial portion of the events forming the basis of this suit occurred in this District, including many of the wrongs herein alleged.

14. The proposed class action includes a total number of plaintiffs in excess of 100.

15. The amount in controversy, once the individual claims are aggregated, is in excess of $5,000,000 exclusive of interest and costs.

## PARTIES

16. Plaintiff Chris Elliott is an individual currently residing in Clearwater County, Idaho. Plaintiff Elliott's written consent form to this action is attached hereto as Exhibit "A".

17. The FLSA Class Members are Defendants' current and former Equipment Operators, Equipment Operator Trainees, and all employees performing substantially similar duties throughout the country.

18. The North Dakota Class Members are Defendants' current and former Equipment Operators, Equipment Operator Trainees, and all employees performing substantially similar duties in North Dakota.

19. Defendant Schlumberger Technology Corporation is a Texas for-profit corporation authorized to conduct business in this state. Defendant Schlumberger Technology Corporation may be served process through its registered agent National Registered Agents, Inc. at 314 E. Thayer Ave., Bismarck, North Dakota 58501-4018.

20. Defendant Schlumberger Limited (Schlumberger N.V.) is a foreign for-profit company organized under the laws of the Antilles. Defendant Schlumberger Limited (Schlumberger N.V.) is the parent entity of Defendant Schlumberger Technology Corporation. Defendant Schlumberger Limited (Schlumberger N.V.) may be served process through its registered agent National Registered Agents, Inc. at 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201-4234.

## FLSA COVERAGE

21. At all times material to this lawsuit, Defendants were an "employer" as that term is understood under Section 3(d) of the FLSA, 29 U.S.C. § 203(d), in that it had the power to hire and fire Plaintiff, the FLSA Class Members, and the North Dakota Class Members, dictate their

work schedules, control their employment conditions, and determine the rate and method of their payment. Defendants did, in fact, do all these things with respect to Plaintiff, the FLSA Class Members, and the North Dakota Class Members.

22.     At all times material to this lawsuit, Defendants were an "enterprise" as that term is understood under Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

23.     At all times material to this lawsuit, Defendants were an enterprise engaged in commerce as that concept is understood under Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants had or continue to have employees, including Plaintiff, the FLSA Class Members, and the North Dakota Class Members, engaged in commerce or the handling, selling, or otherwise working on goods or material that have been moved in or produced for commerce.

24.     During the time period material to this lawsuit, Plaintiff, the FLSA Class Members, and the North Dakota Class Members provided services for Defendants that touched upon and affected interstate commerce. In performing such operations, Plaintiff, the FLSA Class Members, and the North Dakota Class Members were engaged in commerce or in the production of goods for commerce, within the meaning of sections 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA.

25.     Furthermore, Defendants have an annual gross business volume of not less than $500,000.00.

## FACTS

26.     Plaintiff, the FLSA Class Members, and the North Dakota Class Members worked for Defendants as Equipment Operators and Equipment Operator Trainees in Defendants' oil and gas drilling operation.

27. Plaintiff worked for Defendants from September of 2011 until May of 2013. As an Equipment Operator, his duties were to operate and maintain Defendants' oil field production equipment.

28. Plaintiff worked in excess of 8 hours per day, and well over 40 hours per week. In fact, sixteen to twenty hours days were common.

29. Defendants purported to pay Plaintiff on the fluctuating workweek method pursuant to 29 C.F.R. § 778.114.

30. If properly implemented, the fluctuating workweek method of pay allows an employer to pay its non-exempt employees at ½ the employees' regular rates of pay for any hours worked over 40 as opposed to paying the employees 1 and ½ of full times their regular rates of pay as is typically required by 29 U.S.C. § 207(a)(1).

31. 29 C.F.R. § 778.114 is the regulation governing the fluctuating workweek method of pay. Section 778.114 provides, in pertinent part, as follows:

> Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the Act if the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest, and if he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay.

32. Thus the elements for the fluctuating workweek method of pay are the following:

> (1) the employee's hours fluctuate from week to week,
>
> (2) there is a clear mutual understanding amongst the employee and employer,
>
> (3) that the employee will receive a fixed salary,
>
> (4) for every hour worked, and
>
> (5) the amount of the salary provides compensation to the employee at least at the minimum wage rate for all hours worked.

33. During the relevant period, Defendants paid Plaintiff, the FLSA Class Members, and the North Dakota Class Members various bonuses in addition to their regular salary.

34. In particular, Defendants paid a bonus known as the "Job Bonus." The Job Bonus is a nondiscretionary bonus awarded to each employee for meeting pre-established deadlines and is paid based upon hours worked and/or days worked.

35. The amount of the bonuses that Plaintiffs, the FLSA Class Members, and the North Dakota Class Members received varied from week to week.

36. Consequently, the gross amounts that the Plaintiffs, the FLSA Class Members, and the North Dakota Class Members received each week were not fixed.

37. The bonuses paid to the Plaintiffs, the FLSA Class Members, and the North Dakota Class Members were not factored into their regular rates for purposes of determining overtime pay.

38. Consequently, they were paid at rates lower than what the law requires.

39. Moreover, Defendants violated the law because there was no clear and mutual understanding between the parties.

40. Additionally, utilization of the fluctuating work week method of overtime compensation is only acceptable if an employee "receives extra compensation in addition to [the fixed] salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay." 29 C.F.R. § 778.114(a). Plaintiff, the FLSA Class Members, and the North Dakota Class Members did not receive overtime compensation at the rates mandated by law.

41. 29 C.F.R. § 778.209(a) provides that "[w]here a bonus payment is considered a part of the regular rate at which an employee is employed, it must be included in computing his regular hourly rate of pay and overtime compensation." Defendants failed to do that.

42.     As such, Defendants cannot avail themselves of the benefits of 29 C.F.R. § 778.114.

43.     The factual statements above apply equally to Plaintiff and the FLSA Class Members and the North Dakota Class Members.

44.     None of the exemptions contained in the FLSA or its implementing regulations permit Defendants to skirt their obligation to pay overtime to Plaintiff, the FLSA Class Members, and the North Dakota Class Members.

45.     Plaintiff, the FLSA Class Members, and the North Dakota Class Members were manual laborers who toiled long hours under austere conditions in oil fields.

46.     The same conduct outlined above also violates North Dakota state law codified in the North Dakota Administrative Code § 46-02-07. Like its federal counterpart, North Dakota state law mandates overtime compensation must be paid at one and one-half times the employee's regular rate. The North Dakota Supreme Court recognizes a private action for the recovery of unpaid wages under Title 34 of the Century Code. *Werlinger v. Champion Healthcare Corp.*, 598 N.W.2d 820 (ND 1999).

47.     By failing to include the bonuses in the overtime calculation, Defendants violated North Dakota state law. N.D. Admin. Code § 46-02-07-02(15).

## RULE 23 CLASS ACTION ALLEGATIONS

48.     Plaintiff brings this action on his own behalf and as a representative party, pursuant to Fed. R. Civ. P. 23(b). Plaintiff seeks class certification of the North Dakota state law claims with a class definition as follows:

> **All Equipment Operators, Equipment Operator Trainees, and all other employees in substantially similar positions employed by Defendants in North Dakota during the two year period prior to the commencement of this lawsuit to the present.**

8

49. Defendants' policy of failing to pay the amount of overtime dictated by North Dakota state law affects members of the North Dakota Class in a substantially similar manner. Plaintiff and the North Dakota Class Members have claims based on the same legal and remedial theories. Plaintiff and the North Dakota Class Members have claims based on the same facts. Therefore, Plaintiff's claims are typical of the North Dakota Class Members' claims.

50. Although Plaintiff does not know the precise number of the members of the proposed class, there are hundreds of members. Further, the identity of the members of the class is readily discernible from Defendants' records.

51. There are questions of law and fact that are common to all members of the proposed class and those questions predominate over any question affecting only individual members of the class.

52. Plaintiff will fairly and adequately protect the interests of the proposed class in the prosecution of this action and in the administration of all matters relating to the claims stated herein. Plaintiff has no interests antagonistic to the members of the proposed class. Plaintiff is committed to the vigorous prosecution of this case as a class action and has retained counsel who are experienced in class action litigation in general and wage and hour litigation in particular.

53. The Class Action is a superior form to resolve the North Dakota state law claims because of the common nucleus of operative fact centered on the continued failure of Defendants to pay Equipment Operators and Equipment Operator Trainees according to the provisions of North Dakota state law.

54. In this action, common issues will be the object of the majority of the efforts of the litigants and the Court. A class action is superior to other available methods for the fair and

efficient adjudication of this controversy. A class action will also thwart unduly duplicative litigation resulting in inconsistent judgments pertaining to Defendants' policies.

## FLSA COLLECTIVE ACTION ALLEGATIONS

55. Plaintiff has actual knowledge that the FLSA Class Members have also been denied overtime pay for hours worked over forty hours per workweek.

56. Other employees similarly situated to the Plaintiff work for Defendants in a similar capacity, but are not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty hours per workweek.

57. Although Defendants permitted and/or required the FLSA Class Members to work in excess of forty hours per workweek, Defendants denied them full compensation for their hours worked over forty.

58. The FLSA Class Members perform or have performed the same or similar work as the Plaintiff. Like the Plaintiff, the FLSA Class Members work as Equipment Operators and Equipment Operator Trainees and are paid in the same fashion as Plaintiff.

59. FLSA Class Members are not exempt from receiving overtime under the FLSA.

60. As such, FLSA Class Members are similar to the Plaintiff in terms of job duties, pay structure, and the denial of overtime pay.

61. Defendants' failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the FLSA Class Members on an individual basis.

62. The experiences of the Plaintiff, with respect to their pay, are typical of the experiences of the FLSA Class Members.

63.     The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

64.     All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation.

65.     Although the exact amount of damages may vary among FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all FLSA Class Members.

66.     As such, the class of similarly situated Plaintiff is properly defined as follows:

> **All Equipment Operators, Equipment Operator Trainees, and all other employees in substantially similar positions employed by Defendants during the three year period prior to the commencement of this lawsuit to the present.**

## PLAINTIFF'S AND CLASS MEMBERS' FLSA OVERTIME WAGE CLAIM
### (Collective Action)

67.     Plaintiff and FLSA Class Members incorporate all allegations contained in the foregoing paragraphs.

68.     Defendants' practice of failing to pay Plaintiff and FLSA Class Members overtime at a rate not less than one and one-half times their regular rate for all hours over forty violates the FLSA. *See* 29 U.S.C. § 207.

69.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate are applicable to the Defendants or to the Plaintiff and FLSA Class Members.

70. Defendants failed to pay Plaintiff and FLSA Class Members the legally mandated overtime rate of time and one-half for the hours worked over 40 in a workweek.

71. The legality of Defendants' compensation policy turns on its compliance with 29 C.F.R. § 778.114. Defendants violated § 778.114 in the following ways:

   a. Defendants did not have a clear and mutual understanding with the Plaintiff and FLSA Class Members;

   b. Defendants' payment of bonuses resulted in Plaintiff and FLSA Class Members not receiving a fixed salary; and

   c. Defendants paid Plaintiff and FLSA Class Members overtime at rates less than what the law requires.

72. The Department of Labor has conclusively established that the inclusion of any bonus renders payment on the fluctuating workweek method illegal. 76 Fed. Reg. 18832, 18850 (April 5, 2011).

73. Defendants have not made a good faith effort to comply with the FLSA.

74. Defendants' method of paying Plaintiffs and Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that their conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

### PLAINTIFF'S AND NORTH DAKOTA CLASS MEMBERS' STATE LAW OVERTIME CLAIM
(Class Action)

75. Plaintiff and North Dakota Class Members incorporate all allegations contained in the foregoing paragraphs.

76. Defendants' practice of failing to pay overtime at one and one half times Plaintiff's and the North Dakota Class Members' regular rates violates the Title 34 of the North Dakota Century Code and its implementing regulations.

77. Specifically, N.D. Admin. Code § 46-02-07-02(15) provides that non-discretionary bonuses must be included in the regular rate calculation. By failing to do so, Defendants paid the North Dakota Class Members an artificially deflated amount of overtime.

## WAGE DAMAGES SOUGHT

78. Plaintiff, the FLSA Class Members, and the North Dakota Class Members are entitled to recover their unpaid overtime compensation.

79. Plaintiff and North Dakota Class Members are entitled to recover interest and treble damages under Title 34 of the North Dakota Century Code. N.D. Cent. Code § 34-14-09.1.

80. Plaintiff and FLSA Class Members are entitled to an amount equal to all of their unpaid overtime wages as liquidated damages. 29 USC § 216(b).

81. Plaintiff, the FLSA Class Members, and the North Dakota Class Members are entitled to recover attorney's fees and costs.

## PRAYER

82. For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding them the following:

   a. Overtime compensation for all hours worked over forty (40) hours in each workweek at the applicable time-and-a-half rate;

   b. Interest and treble damages as allowed under Title 34 of the North Dakota Century Code.

   c. An equal amount as liquidated damages as allowed under the FLSA;

d.  Reasonable attorney's fees, costs and expenses of this action; and

e.  Such other relief to which Plaintiff, the FLSA Class Members, and the North Dakota Class Members may be entitled, at law or in equity.

Respectfully submitted,

WILKING LAW FIRM

By: _____
North Dakota Bar ID: #03629
3003 32nd Avenue S., Suite 240
P.O. Box 3085
Fargo, North Dakota 58108-3085
Telephone: (701) 356-6823
Facsimile: (701) 478-7621

OF COUNSEL:

Galvin B. Kennedy (will file for admission *pro hac vice*)
Don J. Foty (will file for admission *pro hac vice*)
KENNEDY HODGES, L.L.P.
711 W. Alabama Street
Houston, Texas 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116
gkennedy@kennedyhodges.com
dfoty@kennedyhodges.com
Telephone: (713) 523-0001
Facsimile: (713) 523-1116