UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | |
|---|---|
| CHRIS ELLIOTT O/B/O HIMSELF AND § <br> O/B/O ALL OTHER SIMILARLY § <br> SITUATED, § <br>                 Plaintiff, § <br> § <br> VERSUS § <br> § <br> § <br> SCHLUMBERGER TECHNOLOGY § <br> CORPORATION AND § <br> SCHLUMBERGER LIMITED § <br> (SCHLUMBERGER N.V.), § <br>                 Defendants. | CA NO. 3:13-CV-00079-RRE- KKK |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF
MOTION TO STRIKE PLAINTIFFS' AFFIDAVITS IN
SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION**

**NOW COME** Defendants, Schlumberger Technology Corporation and Schlumberger Limited ("Defendants"), through undersigned counsel, who submit this Memorandum in Support of Motion to Strike Plaintiffs' Affidavits in Support of Motion for Conditional Certification.

## I.     INTRODUCTION

On June 16, 2014, Plaintiff, Christopher Elliot, filed a Motion for Conditional Certification and Motion for Expedited Ruling (Document 40), seeking conditional certification of a nationwide collective action under the Fair Labor Standards Act ("FLSA") for all current and former equipment operators, equipment operator trainees, and all other employees performing substantially similar duties that were paid under the fluctuating work week method for at least one week. In support of the motion, Plaintiff submitted an affidavit and the affidavits of Kenly Hunter, Raymond Genta, Marc Piazza, Leo Smith, and Donald Jenne. (Documents 43-3, 43-4, 43-5, 43-6, 43-7, 43-8) The affidavits are not competent evidence in support of

1

Plaintiff's request for conditional certification of a nationwide class because they are boilerplate affidavits, they are not based on the affiants' personal knowledge, and they include hearsay statements, as well as unsubstantiated assertions and conclusory allegations.[1]  For these reasons, as demonstrated in more detail below, the Court should strike the affidavits and they should not be considered when ruling on Plaintiff's Motion for Conditional Certification.

## II.    LEGAL AUTHORITIES AND ARGUMENT

**A.    Evidentiary Standards Applicable to the Affidavits Submitted in This Case.**

In the Motion for Conditional Certification, Plaintiff suggests that the Court should utilize the two-step certification process described in *Mooney v. Aramco Serv. Co.*, 4. F.3d 1207, 1213-14 (5th Cir. 1995), and asserts that the standard applicable to the first step of the process, conditional certification, is an "exceedingly 'lenient' one."  (Document 43, pp. 18-21.)[2] However, accepting the affidavits submitted by Plaintiff and others would make even the "exceedingly lenient" standard Plaintiff proposes entirely illusory.  The affidavits are boilerplate documents, they are not based on the affiants' personal knowledge, and they include hearsay statements, as well as unsubstantiated assertions and conclusory allegations, all of which are inadmissible and not competent evidence in support of a motion for conditional certification.

As even the courts utilizing the two-step certification process and applying a lenient standard at the conditional certification stage have recognized, while the standard may not be overly stringent, it "is not a mere formality." *See, e.g., Adair v. Wisconsin Bell, Inc.*, 2008 WL 4224360, *3 (E.D. Wis. Sept. 11, 2008).  At stake in a conditional certification motion is whether an employer will be required to engage in substantial discovery and litigate matters as to only the

---

[1]  Herein, Defendants only address the reasons the affidavits are not competent evidence in support of conditional certification.  In their opposition to conditional certification filed this same day, Defendants address the inaccuracies of the assertions within the affidavits, why they should be given no weight, and why they are substantively insufficient to satisfy the standard applicable to conditional certification motions.

[2]  Citations are to the CM/ECF assigned page numbers of Plaintiff's motion.

plaintiff, or as to a nationwide collective class.  If the claims prove to be meritless, or ultimately limited to just the location of Plaintiffs, Defendants could expend countless hours and hundreds of thousands of dollars just to establish that certification was improvidently granted.  Thus, improvidently granting a motion for conditional certification forces an employer to unnecessarily litigate the potential claims of potentially hundreds of other employees whose claims for FLSA violations ultimately will have to be addressed on an individual basis, which "would be a waste of the Court's and the litigants' time and resources" and would be contrary to the purpose of the collective action device.  *See Freeman v. Wal-Mart Stores, Inc.*, 256 F.Supp.2d 941, 945 (W.D. Ark. 2003) ("It would be a waste of the Court's and the litigants' time and resources to notify a large and diverse class only to later determine that the matter should not proceed as a collective action because the class members are not similarly situated."); *Adair*, 2008 WL 4224360 at *8 (stating that "even conditional certification may have significant consequences for parties to an action" and that "a plaintiff's discovery demands upon conditional certification may impose "a tremendous financial burden to the employer"".) (quoting *Woods v. New York Life Ins. Co.*, 686 F.2d 578, 581 (7th Cir. 1982); *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989) (noting that collective actions are intended to serve the interests of judicial economy).

For these reasons, numerous courts ruling on motions for conditional certification have recognized that evidence offered in support of such motions must meet the common admissibility standards, and numerous courts have struck affidavits not based on personal knowledge and that contain nothing more than conclusory allegations and/or hearsay statements. For instance, in *McElmurry v. U.S. Bank Nat'l Ass'n*, 2005 WL 2078302, *18-19 (D. Or. July 29, 2005), the court struck portions of an affidavit not based on personal knowledge and that amounted to opinions about legal issues disputed in the case.  Similarly, in *Richards v. Computer*

*Sciences Corp.*, 2004 WL 2211691, *2 (D. Conn. Sept. 28, 2004), the court struck statements not based on personal knowledge from affidavits submitted in support of a motion for conditional certification of a collective action.

Additionally, in *Mares v. Caesars Entm't, Inc.*, 2007 WL 118877, *3 (S.D. Ind. Jan. 10, 2007), the court noted that plaintiffs are required "to offer admissible evidence to support their claims that those they wish to represent are similarly situated" and that "[u]nsupported allegations are insufficient to establish that the putative plaintiffs are similarly situated." *See also Adair*, 2008 WL 4224360 at *8 (holding evidence in support of conditional certification must be admissible and stating that "[c]onclusory allegations…are simply not sufficient to make even the modest factual showing required") (citing *Freeman*, 256 F.Supp.2d at 945 ("unsupported assertions of widespread violations are not sufficient to meet Plaintiff's burden.")); *McElmurry*, 2005 WL 2078302 at *11 (holding that plaintiffs are required to demonstrate they are similarly situated to the putative class through admissible evidence and that unsubstantiated assertions are insufficient). Applying these principles to the plaintiffs' request for conditional certification of a nationwide collective action, the court rejected affidavit statements of one of the plaintiffs. *Mares*, 2007 WL 118877 at *3.

In particular, the plaintiff's affidavit asserted in conclusory fashion that "based upon conversations with others" he believed similar policies and practices were in effect at other Caesars-owned facilities. *Id*. The court held that the plaintiff's "understanding based on alleged conversations with unidentified persons is insufficient to establish personal knowledge as to the policies and practices in effect at Caesars-owned facilities other than the one at which he has worked." *Id.*

Finally, in *Harrison v. McDonald's Corp.*, 411 F.Supp.2d 862, 866-67 (S.D. Ohio 2005), the court struck hearsay statements from affidavits supporting a motion for conditional certification. At issue were affidavit statements of the plaintiff that she was aware of approximately 20 other employees who had complained about not being paid for all of the hours that they worked and the affidavit statement of another employee claiming that he frequently overheard his coworkers complain about shortages in their paychecks. *Id.* at 866-67. The court struck both statements on the ground they were hearsay and did not fall within any hearsay exception. *Id.* In striking the statements, the court rejected the plaintiff's argument that, "because her evidentiary burden at this stage of the proceedings is slight," the court could consider hearsay statements for the purpose of determining whether similarly situated employees exist even though the statement may ultimately be inadmissible at trial. *Id.* at 866; *see also Richards*, 2004 WL 2211691 at *1-2 (D. Conn. Sept. 28, 2004) (striking hearsay statements from affidavits submitted in support of motion for conditional certification of a collective action).

Applying these standards, the affidavits submitted in support of the Motion for Conditional Certification are inadmissible and should be struck.

**B.     The Affidavits Submitted in This Case Are Inadmissible.**

In the affidavits submitted in support of conditional certification of a nationwide class, the affiants assert in conclusory fashion, without personal knowledge, and based on unsubstantiated and hearsay statements that all equipment operators, regardless of location, office, or supervisor, had the same job code, job duties and job description, were paid identically, including payment under the fluctuating workweek method and receipt of job bonuses, and that all equipment operators would be interested in joining this case if it were certified as a collective action. More specifically, the affidavits state:

5

3. … I am personally aware that other equipment operators for Schlumberger had the same job title, performed the same duties, and had the same responsibilities as I did. I have spoken with other equipment operators, I have worked with other equipment operators, I have attended training with them, and I have attended meetings with them. I am not aware of any equipment operator that does not have the primary duty of operating and maintaining equipment for Schlumberger's service operations. Additionally, I am aware that the job description for the equipment operators is the same. The job description was the same irrespective of branch office, branch supervisor, or branch location.

5. Schlumberger classified all equipment operators, such as myself, as non-exempt from overtime. Further, all equipment operators, including myself, were paid on a salary basis. Additionally Schlumberger paid all equipment operators, including myself, additional compensation for hours worked over 40 under Schlumberger's fluctuating workweek compensation plan.

6. Unfortunately, Schlumberger did not pay overtime to the equipment operators, including myself, at the rate of time and one-half the regular rate of pay for all hours worked over 40 in a workweek. Instead, Schlumberger paid overtime at rates less than this.

7. In addition to our salaries, equipment operators were eligible to receive a "job" bonus. The "job" bonus was a premium payment that was only awarded when equipment operators performed specialized drilling and/or fracking work. The amounts for the "job" bonuses were not fixed and thus, the total amount of compensation that the equipment operators received, including myself, varied from week to week.

8. Additionally, the "job" bonus was not a discretionary payment. Schlumberger established the criteria for the payment to be issued and all equipment operators were given notice of their eligibility to receive the payment. Given that the payment was not discretionary, the payment should be factored into the gross compensation that the equipment operators received for the purposes of calculating overtime pay.

10. … The way I was paid was the same as all other equipment operators. …

11. The job code that Schlumberger maintained for all equipment operators was the same. Equipment operators were classified, treated, and paid by Schlumberger as one group.

12. Based on my conversations with other equipment operators, I believe that many, if not all, equipment operators of Schlumberger would be interested in joining this case if it was treated as a collective action so that they may recover the overtime that they were not paid.

(Paragraphs 3, 5-8, 10-12 of Documents 43-3, 43-4, 43-5, 43-6, 43-7, 43-8) [3]

Applying the admissibility requirements set forth above to these affidavits, it is clear that the Court should strike all of the affidavits. As noted, the affidavits are identical in all material respects. For this reason, they all suffer from the same flaws and are inadmissible for the same reasons. *See Songer v. Dillon Res., Inc.*, 569 F. Supp.2d 703, 707-08 (N.D. Tex. July 24, 2008) (rejecting affidavits that were "virtually identical, and contain primarily conclusory allegations unsupported by any factual assertions demonstrating the basis of the affiants' knowledge").

First, although the affiants' statements make claims as to each and every equipment operator regardless of location, office, and supervisor, it is undisputed that all of the affiants were employed with Defendants solely in Williston, North Dakota. The affidavits provide no basis for finding the affiants have personal knowledge of equipment operators outside of Williston with regard to their classification, job code, job description, payment method, salary and bonus amounts and receipt, or the desire to join this lawsuit. Therefore, they are inadmissible. *See Mares*, 2007 WL 118877 at *3 (holding that the plaintiff's "understanding based on alleged conversations with unidentified persons is insufficient to establish personal knowledge as to the policies and practices in effect at Caesars-owned facilities other than the one at which he has worked."); *McElmurry* 2005 WL 2078302 at *18-19 (striking portions of an affidavit not based on personal knowledge); *Richards*, 2004 WL 2211691 at *2 (striking statements not based on personal knowledge).

Second, the affiants' assertions are entirely unsupported by reference to actual facts. The affidavit statements claim in conclusory fashion, without identifying any supporting facts, that all aspects of all equipment operators' employment, which are relevant to the alleged FLSA

---

[3] Except for a limited number of minor and immaterial differences, the affidavits are identical. (Documents 43-3, 43-4, 43-5, 43-6, 43-7, 43-8.)

violations and germane to the Motion for Conditional Certification, are the same and that all other equipment operators are interested in joining in this lawsuit.  The courts are clear, however, conditional certification will not be granted just because a plaintiff baldly states that the putative class is similarly situated; parties seeking conditional certification must provide some factual basis for their assertions and unsubstantiated assertions are inadmissible and insufficient.  *See Mares*, 2007 WL 118877 at *3 ("[u]nsupported allegations are insufficient to establish that the putative plaintiffs are similarly situated."); *Adair*, 2008 WL 4224360 at *8 (holding evidence in support of conditional certification must be admissible and stating that "[c]onclusory allegations…are simply not sufficient to make even the modest factual showing required"); *Freeman*, 256 F.Supp.2d at 945 ("unsupported assertions of widespread violations are not sufficient to meet Plaintiff's burden."); *O'Donnell v. Robert Half Int'l, Inc.*, 534 F.Supp.2d 173, 179 (D. Mass. 2008) ("[p]laintiffs must present information, i.e., more than speculation or bald assertions by the plaintiffs, that putative class members are interested in joining the suit.").

Third, in support of their assertions that all equipment operators have the same terms and conditions of employment, have been subjected to the exact same allegedly unlawful treatment by Defendants, and that all other equipment operators are interested in joining this lawsuit, the affiants claim they "have spoken with other equipment operators" and had conversations and communications with them.  Even if the Court assumes that such communications in fact took place, and that such communications were had with equipment operators outside of Williston, these statements are clearly hearsay and must be struck.  *See* FED. R. EVID. 801 (a hearsay statement is one made outside of court and offered to prove the truth of the matter asserted); *Harrison*, 411 F.Supp.2d at 866-67 (striking hearsay statements from affidavits supporting a

8

motion for conditional certification); *Richards*, 2004 WL 2211691 at *1-2 (striking hearsay statements from affidavits submitted in support of motion for collective action).

Finally, the affidavits characterize a job bonus as a payment that "was not a discretionary payment." In the context of the FLSA, the terms "discretionary" and "non-discretionary" are terms of art. 29 C.F.R. §§ 778.208, 778.211. Thus, the assertions with regard to the discretionary versus non-discretionary nature of the job bonuses are nothing more than opinions about legal issues in this case and should be struck. *McElmurry*, 2005 WL 2078302 at *18-19, (striking portions of an affidavit that amounted to opinions about legal issues in the case).

For all of these reasons, the affidavits are entirely inadmissible and not competent evidence in support of the Motion for Conditional Certification.

### III.   CONCLUSION

Simply put, hearsay statements, unsubstantiated and conclusory assertions, and allegations of alleged similarity not based on personal knowledge are not competent evidence in support of a motion for conditional certification. In addition, acceptance of such evidence in support of conditional certification would not promote the efficient and economic resolution of alleged FLSA violations but, instead, would unnecessarily burden employers with the substantial additional cost resulting from imprudently granted conditional certification and would encourage abuse of the collective action mechanism. For all of the foregoing reasons, the affidavits submitted in support of Plaintiff's Motion for Conditional Certification are not competent evidence and they should be struck.

**WHEREFORE, PREMISES CONSIDERED,** Defendants respectfully request that the Court strike the affidavits submitted in support of Plaintiff's Motion for Conditional Certification and not consider them when ruling on Plaintiff's motion.

Respectfully submitted, this 3rd day of July, 2014.

*/s/ Robert P. Lombardi*
Robert P. Lombardi (*pro hac vice*)
THE KULLMAN FIRM
A Professional Law Corporation
1100 Poydras Street, Suite 1600
New Orleans, Louisiana 70163
Telephone:  (504) 524-4162
Facsimile:  (504) 596-4189
rpl@kullmanlaw.com

M. Daniel Vogel (ND Bar No. 03198)
(*local counsel*)
Robert B. Stock  (ND Bar No. 05919)
(*local counsel*)
Vogel Law Firm
218 NP Avenue
P.O. Box 1389
Fargo, ND 58107-1389
Telephone: (800) 677-5024 or (701) 237-6983
Facsimile: (701) 356-6395
dvogel@vogellaw.com
rstock@vogellaw.com

COUNSEL FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I certify that this 3rd day of July, 2014, a true and exact copy of the foregoing has been filed with the Court via the CM/ECF system, which will send electronic notice to the following:

| | |
|---|---|
| Mr. Galvin B. Kennedy | Mr. Leo F. J. Wilking |
| Don J. Foty | Wilking Law Firm |
| Kennedy Hodges, L.L.P. | 3003 32nd Ave S., Suite 240 |
| 711 W. Alabama Street | Fargo, ND 58101-3085 |
| Houston, TX 77006 | Tel:  (701) 356-6823 |
| Tel: (713) 523-0001 | Fax:  (701) 478-7621 |
| Fax:  (713) 523-1116 | lwilking@wilkinglaw.com |
| gkennedy@kennedyhodges.com | |
| dfoty@kennedyhodges.com | |

COUNSEL FOR PLAINTIFF

*/s/ Robert P. Lombardi*
ROBERT P. LOMBARDI

10