# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Chris Elliott, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 3:13-cv-79 |
| ) | |
| Schlumberger Technology Corporation, ) | **ORDER** |
| et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

This order addresses another in a series of discovery disputes that have impacted the progress of this Fair Labor Standards Act (FLSA) action.[1]

An FLSA class was conditionally certified as a collective action almost two years ago, with the plaintiffs claiming that they were not properly compensated under the fluctuating work week method (FWWM). The plaintiffs now move to compel production of data concerning a potential Rule 23 class to pursue claimed violations of state wage and hour laws. Following attempted informal resolution of the dispute pursuant to Civil Local Rule 37.1, the court granted permission to file a formal motion concerning the issue. The motion has been fully briefed, and the court has thoroughly considered each of those briefs.

## Summary

Considering the relevance and proportionality factors that define the scope of permissible discovery under Federal Rule of Civil Procedure 26, the court concludes that

---

[1] Review of the docket shows that the court has held fifteen conferences with counsel to address questions about the scope and sequence of discovery. Deadlines have been modified several times, either by stipulation of counsel or by order of the court, and the court has entered numerous orders addressing various aspects of discovery.

the requested discovery does not come within that definition **at this time**. In the event a Rule 23 class is later certified, the requested data must be produced promptly.

## Background

An order of January 26, 2015, granted conditional certification of an FLSA class, consisting of:

> All Equipment Operators, Equipment Operator Trainees, and all other employees in substantially similar positions employed by Defendants <u>in the Williston, North Dakota location</u> and who were paid under the fluctuating workweek method for at least one week during the <u>three year period</u> prior to the commencement of this lawsuit to the present.

(Doc. #87, p. 14) (emphasis added). Defendant Schlumberger Technology Corporation (STC) states that, following the conditional certification order, it produced names and contact information for over 400 individuals it determined to be within the scope of the conditionally certified FLSA class. (Doc. #285, p. 3). Over 140 persons consented to opt-in to the FLSA class; some have since withdrawn those consents, and a few were dismissed; there are currently 130 plaintiffs.

The request for production at issue in this motion states, "Please produce the pay data in excel format for each person subject to the Rule 23 class for the entire class period." (Doc. #283-2, p. 8). The court understands the plaintiffs' reference to "the Rule 23 class" to include:

> All Equipment Operators, Equipment Operator Trainees, and all other employees in substantially similar positions employed by Defendants <u>in North Dakota</u> who were paid under the fluctuating workweek method for at least one week during the <u>two year period</u> prior to the commencement of this lawsuit to the present.

(See Doc. #294) (emphasis added). The plaintiffs acknowledge substantial overlap between a putative Rule 23 class and the FLSA class already conditionally certified,

though the plaintiffs would seek to include employees who worked in North Dakota locations other than Williston in a Rule 23 class. Neither the plaintiffs nor STC provided an estimate of the number of persons who might be included in a Rule 23 class as plaintiffs would have that class defined.

## Law and Discussion

The question is governed by Federal Rule of Civil Procedure 26, which defines the scope of discovery to include:

> any nonprivileged matter that is relevant to any party's claim or defense <u>and</u> proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1) (emphasis added). Rule 26 mandates that the court consider not only relevance of the requested data but also the enumerated proportionality factors. The plaintiffs' briefing centers on relevance, with little mention of the proportionality factors.

The plaintiffs contend that the information they seek is relevant to their planned motion for certification of a Rule 23 class. The plaintiffs state that discovery to date shows that STC used an incorrect formula in determining whether its employees were paid a minimum hourly rate. Specifically, the plaintiffs contend that overtime compensation and bonuses were illegally included in calculating the employees' regular rate of pay, resulting in the plaintiffs' regular rate of pay sometimes falling below the

statutorily required minimum wage, in violation of North Dakota law.[2]

The plaintiffs argue that identity of members of the potential class and of their pay data is relevant to three of the four requirements for certification of a Rule 23 class—numerosity, commonality, and typicality. As to numerosity, they contend the requested data would allow them to present "the precise number of individuals affected" in making their motion for Rule 23 class certification, though during a recent status conference the plaintiffs acknowledged that the data they have already received is probably sufficient to demonstrate numerosity. They assert that data showing "the precise weeks when unpaid wages are owed, which individuals are owed damages, the amount of the unpaid wages that are owed, and the frequency with which [STC] violated the law" is relevant to showing commonality—that STC's pay practices were common to the potential Rule 23 class as a whole. (Doc. #283, p. 13). As to typicality, the plaintiffs contend that the requested pay data would show that claims of a potential Rule 23 class emanate from the same legal theory—that members of a potential Rule 23 class were harmed by STC's pay practices in the same way as the named plaintiffs were allegedly harmed. Id.

In addition to arguing the requested data is relevant to class certification elements, the plaintiffs argue the data is necessary to calculate potential damages. The plaintiffs also assert it would not be burdensome for STC to produce the requested data,

---

[2] The plaintiffs contend that STC paid them at a weekly rate and that when they worked many hours in a given week, their rate of pay sometimes fell below the required minimum wage. They give an example of an employee who was paid a weekly salary of $660.02 and who worked 104.41 hours during one week in 2012. Dividing his weekly salary by the total hours worked results in a "regular rate" of $6.32 per hour, which is less than the statutorily mandated minimum hourly wage of $7.25. (Doc. #283, p. 6).

suggesting, "It is highly likely that this information has already been determined and can be easily produced to Plaintiffs." Id. at 15. In their reply brief, the plaintiffs suggest another reason supporting their motion—that production of the data prior to a scheduled settlement conference may promote resolution of the case.

STC asserts that a 2014 stipulation among counsel provided that the plaintiffs would not move to compel the data now requested prior to certification of a Rule 23 class. (See Doc. #285-1). According to the plaintiffs, STC misconstrues the email among counsel which STC characterizes as a stipulation, though the plaintiffs have not offered an alternative explanation of that email. In support of their position that they did not agree to forebear a motion to compel, the plaintiffs assert that they raised issues concerning production of Rule 23 class data during a February 2016 discovery dispute conference with the court. Review of the transcript of that conference confirms that the data at issue was discussed during that conference and that STC took the position that it would not produce the data "at that time" since a Rule 23 class had not yet been certified. During that February 2016 conference, however, STC did not mention the 2014 stipulation. The court will not base its decision solely on the purported stipulation among counsel, though the court will consider it as supportive of STC's position.

STC also contends that the plaintiffs' motion is untimely, arguing that the plaintiffs have "excessive[ly] delay[ed]" moving for Rule 23 class certification. The plaintiffs have not explained why they did not bring this motion, or a motion for class certification, earlier. There is no question that an earlier motion would have promoted a more timely resolution of this case, but the court had not set a specific deadline for filing a class certification motion until recently, and that deadline has not yet passed. STC

earlier asserted that the deadline for bringing discovery motions had passed. But, the court ruled the deadline had not passed. (Doc. #278, p. 2). Rather, as stated in that order, the court considers whether STC would be unfairly prejudiced by the plaintiffs not having raised this issue earlier.

STC states that it has produced the requested data as to the 130 plaintiffs now included in the FLSA class and that the detailed data it has produced as to those 130 plaintiffs is sufficient for purposes of a motion for Rule 23 class certification. Even though the parties have not estimated the total number of members of a putative Rule 23 class, the information available to the court suggests that 130 would be a significant percentage of that total. In addition to the data concerning the FLSA class members, the plaintiffs have deposition testimony that the pay practices they challenge were STC's company-wide policies. (Doc. #283-20, p. 10). The data already available to the plaintiffs favors STC's position.

STC argues that a damages calculation is not relevant to a class certification motion. STC further asserts that plaintiffs' experts' reports included a calculation of damages for a Rule 23 class, thus demonstrating that plaintiffs do not need the requested information to bring their certification motion. An August 2016 report of the plaintiffs' expert included an estimate of damages for a Rule 23 class, though it is not clear whether that report considered those persons who might be included in a Rule 23 class who have not opted into the FLSA class. (Doc. #230-8, p. 7).

The plaintiffs cite a number of cases in support of their position, contending that case law supports pre-certification discovery. Though a number of the cases which the plaintiffs cited ordered limited pre-certification discovery, the cases recognize that the

6

trial court has broad discretion in that regard. See, e.g., Stokes v. Interline Brands Inc., No. C-12-05527 JSW (DMR), 2013 WL 4081867, at *2-3 (N.D. Cal. Aug. 9, 2013). All of the cases which the plaintiffs cite pre-date the 2015 amendment to Rule 26, which now requires that the court consider proportionality factors as well as relevance in determining the scope of discovery. And, none of those cases involved a situation, as is present here, where the plaintiffs already had detailed data concerning a significant portion of a putative class.

Considering all of the factors discussed above, the court concludes that, at this time, the requested discovery is not proportional to the needs of the case.[3] The plaintiffs have not demonstrated the importance of the requested discovery in resolving Rule 23 class certification issues, or that the benefit of production of the disputed data justifies the burden and expense of its production at this time.

## Conclusion

For the reasons discussed above, the plaintiffs' Motion to Compel Discovery Regarding the Class List and Class Data for the Rule 23 Class, (Doc. #283), is **DENIED**. STC is not required to produce the requested data at this time. In the event a Rule 23 class is later certified, STC will be expected to produce the requested data promptly.

**IT IS SO ORDERED**.

Dated this 6th day of January, 2017.

                                            */s/ Alice R. Senechal*
                                            Alice R. Senechal
                                            United States Magistrate Judge

---

[3] Of course, STC may not use any data not provided to the plaintiffs in opposition to a motion for Rule 23 class certification.

7