# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Chris Elliott, et al., | ) |
| Plaintiffs, | ) Case No. 3:13-cv-79 |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Schlumberger Technology Corporation and Schlumberger Limited, | ) |
| Defendants. | ) |

Plaintiffs move for sanctions against defendant Schlumberger Technology Corporation (STC), contending that STC has engaged in "repeated and systematic abuses of the discovery process, multiple commissions of perjury and subornation of perjury." (Doc. #335). STC vigorously opposes the motion. (Doc. #364).

Since the plaintiffs have requested sanctions that would be dispositive of certain issues, this opinion is prepared as a Report and Recommendation. For the reasons discussed herein, this court recommends imposition of monetary sanctions, subject to the plaintiffs' proof that STC's improper conduct led to increased attorney fees and/or expenses. Additionally, this court recommends that certain evidence be excluded, and that a monetary sanction be entered against STC's counsel. In this court's opinion, the nonmonetary sanctions—other than that certain evidence be excluded—which the plaintiffs request are not warranted.

## Background

The plaintiffs' Fair Labor Standards Act (FLSA) action has been conditionally certified as a collective action, with the plaintiffs claiming that they were not properly compensated under the fluctuating work week method. In the more than two years since

conditional certification, this court has held numerous conferences and issued a myriad of orders concerning discovery disputes. Counsel for both sides have failed to abide by the mandate of Federal Rule of Civil Procedure 1—that the rules be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." While counsel are expected to zealously advocate for their clients, they are also expected to treat each other with civility and respect; the two obligations are not exclusive of each other. Briefs on the pending motion are indicative of the continuing failures of counsel for both sides to treat each other with civility and respect and to follow the mandate of Rule 1.

## Allegations of STC's Improper Conduct

The plaintiffs contend STC acted inappropriately in various ways, each of which is addressed below.

**1.    Answers to Interrogatories Concerning STC's Investigations of FLSA Exemptions**

Two of the matters about which the plaintiffs complain involve STC's consideration of its classification of some employees as "exempt" for purposes of the FLSA. In its August 2015 Amended Answer, STC asserted that some employees should be excluded from the conditionally certified class because they were covered by the FLSA's exemptions for administrative and executive employees. Plaintiffs then propounded interrogatories regarding application of the exemptions, and STC responded.

**INTERROGATORY NO. 1:**

Please state all reasons why you classified the Plaintiffs as non-exempt from overtime pay and the minimum wage during the three year period prior

to the filing of this lawsuit up to the present.

**ANSWER TO INTERROGATORY NO. 1:**

Defendant objects to the extent that the request seeks information protected by attorney-client or work product privilege. Defendant further objects as the request assumes facts not established. Defendant further objects to the extent it is overly broad and unduly burdensome as it seeks "all reasons" and accordingly seeks potential reasons that Defendant does not intend to rely upon a[t] trial or may not be readily available to Defendant. Subject to the above objections and Defendant's knowledge at this time, typically the primary reasons include industry practices, a desire to provide competitive wages and that non-exempt is the default setting in the absence of affirmatively asserting an exemption.

**INTERROGATORY NO. 2:**

Please describe all investigations, legal research, and studies that you performed to support your classification of the Plaintiffs as stated in Interrogatory 1.

**ANSWER TO INTERROGATORY NO. 2:**

STC refers Plaintiffs to its objections and responses to Interrogatory No. 1. STC further notes that legal research and studies are not required to classify an employee as non-exempt.

**SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 2:**

STC incorporates by reference its prior response to Interrogatory No. 2. STC further states that it has not identified any investigations, legal researches, or studies performed by STC to support a non-exempt classification for Plaintiffs.

**SECOND SUPPLEMENTAL ANSWER TO INTERROGATORY NO. 2:**

Defendant incorporates its prior objections and responses by reference. STC hereby clarifies its prior response to state that it has not identified any investigations, legal research, or studies performed by STC to support a non-exempt classification for Plaintiffs other than periodic market surveys.

(Doc. #335-3, pp. 3-4). The plaintiffs assert that later deposition testimony

demonstrated that STC had in fact conducted investigations regarding FLSA classification of its employees and that STC's sworn interrogatory answers denying those investigations and stating classifications were based primarily on industry practices were therefore "blatant fabrications." (Doc. #335, p. 4). The plaintiffs contend that they "spent considerable time and money vaulting over hurdles [STC] set up through its fabrications." Id.

The plaintiffs identify deposition testimony of Jacqueline French and Marla Graham, STC human resources professionals, concerning interviews and other work they did in 2012 through 2014 involving PTS operators (the STC employees for whom this class is conditionally certified). The plaintiffs assert that work was related to how the PTS operators should be classified for FLSA purposes. The plaintiffs then argue:

> Between the testimony of Ms. French and Ms. Graham, it cannot be reasonably disputed that [STC's] answers to interrogatories are untruthful. The real reason [STC] classified the Plaintiffs as non-exempt was because the company concluded after performing these investigations that the Plaintiffs were entitled to overtime pay. Yet, [STC] submitted FALSE interrogatory answers in an effort to prevent Plaintiffs from finding the truth. Given that these investigations are harmful to [STC's] claims, they denied the existence of these investigations under oath.

Id. at 8.

STC's position is that the French/Graham work was not done "to support [STC's] classifications" and so did not need to be disclosed in response to Interrogatory No. 2:

> Ms. French did not testify that STC conducted a study, investigation, or legal research to support classification decisions. Rather, Ms. French testified that STC "mapped every individual in the company based on what their roles and responsibilities actually were in the field and retitled them." She also testified that after they were retitled they remained classified as non-exempt (*i.e.*, there was no change in classification). The primary purpose of the project was to map or plug positions from an acquired company in the paygrade system of STC. <u>Duties were investigated but not for the purpose of reclassifying</u>

4

> employees under the FLSA. During the mapping process, STC did determine that a few position levels could have qualified for an exempt classification, but they were not reclassified due to insufficient documentation.

(Doc. #364, p. 14) (emphasis added) (citations omitted). Additionally, STC produced its "mapping spreadsheet," which STC asserts confirms that the purpose of the French/Graham work was not to classify employees under the FLSA. Id. at 17.

STC chose a very narrow interpretation of Interrogatory 2—that it required disclosure only of any study or investigation done for the sole purpose of determining whether STC was applying the FLSA exemptions correctly. Under a more reasonable interpretation, consistent with the mandate of Rule 1, STC's response to Interrogatory 2 should have included the work French and Graham described.

Information in the record does not establish whether STC's failure to respond to Interrogatory 2 forthrightly resulted in additional attorney fees or expenses to the plaintiffs. Had STC disclosed the French/Graham work initially, the plaintiffs might nonetheless have deposed both individuals. This court recommends that the plaintiffs be given an opportunity to prove that STC's actions led to increased fees and expenses, and that, if proven, a monetary sanction be ordered against STC.

### 2.     French's Interview Notes

During French's deposition, she testified that she had made notes of the interviews she described, and the plaintiffs then requested that STC produce those notes. Until recently, STC told the plaintiffs—and the court—that it had conducted a "diligent search" of all its hard drives for persons involved in the "mapping project" but had not found French's interview notes. In response to this motion, however, STC states that it had "misplaced" the interview notes, but had recently located them through "an

additional search of hard copy documents." STC provided the notes to the plaintiffs' counsel on March 21, 2017. Id. at 18; (Doc. #364-4).

Since the notes have now been produced, the plaintiffs' request for sanctions for spoliation of evidence is no longer in order. In their reply brief, plaintiffs instead ask that the documents be excluded from evidence because of the late disclosure. (Doc. #376, p. 7). That is an appropriate sanction and is consistent with this court's order concerning other documents which STC produced long after they were due. (See Doc. #349). STC should not be allowed to use French's interview notes in connection with a motion, at a hearing, or at trial.

### 3.    Deposition Errata Sheet

The plaintiffs contend that an STC employee's deposition errata sheet, which noted material changes to her testimony, violated Federal Rule of Civil Procedure 30(e) and was an abuse of the discovery process. The plaintiffs filed a separate motion to strike that errata sheet, and the court has entered an order denying that motion. (Doc. #392). As discussed in the separate order, federal courts have applied differing interpretations of Rule 30(e) when an errata sheet changes the substance of a deponent's testimony, and the Eighth Circuit has not yet ruled on the question. In light of the lack of certainty of application of Rule 30(e) and the court's ruling on the separate motion, no sanction should be imposed because of the manner in which STC used a deposition errata sheet.

### 4.    Declaration of STC's Counsel

In connection with an earlier dispute over discovery deadlines, STC's counsel filed a sworn declaration stating that plaintiffs' counsel had not raised objections as to

two matters until November 2016. (Doc. #273). Those statements were not true; the plaintiffs had actually raised both matters with the court in January 2016. The plaintiffs characterize the statements as perjury.

In response to this motion, STC's counsel acknowledged that the two statements in his declaration were not true. He stated that his errors resulted from "faulty memory and honest mistake rather than . . . an intention to deceive" and so were not perjurious. (Doc. #364, p. 11).

The plaintiffs had identified STC's erroneous statements in their brief responding to that earlier motion, (Doc. #275, pp. 21-22), and this court ultimately ruled in the plaintiffs' favor on that motion, (Doc. #278). Thus, the untrue statements resulted in no harm to the plaintiffs.

STC's counsel signed the declaration "under penalty of perjury." But, the court cannot conclude that the declaration was a "deliberate making [of] material false or misleading statements" so as to come within the definition of perjury. Perjury, Black's Law Dictionary (10th ed. 2014). STC's counsel had a responsibility to insure that all statements in his sworn declaration were true; reliance on a faulty memory is not sufficient when making sworn statements to the court. A modest monetary sanction against STC's counsel would be appropriate.

5. **Delayed Production of Documents**

The plaintiffs argue STC's delay in producing various documents "throughout discovery" as another basis for sanctions. In their brief, the plaintiffs identify documents that were not produced until January 2017, though they had been requested well before the discovery period ended in August 2016. The documents STC produced in January

7

2017 included a privilege log and documents concerning STC's pay and bonus policies. (Doc. #335-11; Doc. #335-12).

The plaintiffs raised several discovery issues after the discovery period ended. That resulted in the defendants being ordered to produce additional documents, and responding to those orders led STC to search more thoroughly for responsive documents. The court conducted an in camera review of the documents listed in the January 2017 privilege log and concluded that STC's privilege claims were proper. (Doc. #348). An earlier order addressed the pay and bonus policy documents which were produced in January 2017; because of the late production, that order prohibits STC from any use of the documents. (Doc. #349).

Though the plaintiffs contend "it is unclear if there is other information that Defendant is hiding from discovery," (Doc. #335, p. 14), they do not suggest other documents have not been produced pursuant to their requests. STC should have produced the requested documents earlier, but this court previously issued an order addressing that delay. No further sanction is recommended with regard to STC's delayed production of documents.

## 6.     Objections During Depositions

Illustrating the depths to which their conduct has fallen, both counsel calculated numbers of objections opposing counsel made per deposition transcript page. (Doc. #335, pp. 14-15; Doc. #364, p. 7; Doc. #376, p. 8). The plaintiffs allege STC's counsel violated Rule 30(c)(2)'s directive that objections be "stated concisely in a nonargumentative and nonsuggestive manner," and that the sheer number of objections demonstrates abuse of the process. STC responds that objections were made in good

8

faith for purposes of their preservation and that they were neither argumentative nor suggestive. And, having apparently taken time to count the number of words per objection, STC's counsel states that his "most lengthy objection consisted of less than a dozen words." (Doc. #364, p. 3). STC's counsel also took time to prepare a chart comparing the objection language he had used to that which the plaintiffs' counsel had used, id. at 5-7, and quotes a portion of a deposition in which both counsel engaged in inappropriate objection and colloquy, id. at 3-5.

The plaintiffs' brief quotes portions of several depositions; some of the quoted objections of STC's counsel's were unwarranted. The plaintiffs assert they were prejudiced because the objections "interrupted the depositions, confused the witnesses, and prevented forthright testimony." (Doc. #335, p. 17). Unlike so many other disputes, allegations of inappropriate deposition objections were not brought to the court's attention during the discovery period, so the court could not act while depositions were still being conducted. The transcripts quoted in the briefs show inappropriate behavior by both counsel, but the plaintiffs have not demonstrated harm resulting from the unwarranted objections by STC's counsel. Therefore, no sanction is recommended as to deposition objections.

### Requested Sanctions

The plaintiffs argue that STC's conduct, taken as a whole, impugns the integrity of the court system. As sanctions, the plaintiffs request (1) striking STC's answer and proceeding to trial solely on questions of damages, (2) alternatively, striking STC's affirmative defenses, (3) awarding reasonable attorney fees "for the flagrant violation of deposition decorum," and (4) allowing a willfulness claim as a matter of law. In this

9

court's opinion, though STC has not fully complied with its obligations under the discovery rules, its conduct has not been so egregious as to warrant the extreme sanctions which the plaintiffs request. STC's conduct was not, as the plaintiffs assert, "nearly identical" to that which warranted the drastic sanction affirmed by the Eighth Circuit in Chrysler Corp. v. Carey, 186 F.3d 1016 (8th Cir. 1999).

## Recommendation

In this court's opinion, appropriate sanctions would include the following: (1) exclusion of French's interview notes because they were produced late; (2) subject to plaintiffs' proof of any additional fees and expenses resulting from STC's failure to fully respond to Interrogatory No. 2, a monetary sanction against STC; and (3) a monetary sanction against STC's counsel for submitting his sworn declaration to the court without prior verification of its accuracy.

Dated this 27th day of April, 2017.

/s/ Alice R. Senechal
Alice R. Senechal
United States Magistrate Judge

## NOTICE OF RIGHT TO OBJECT[1]

Any party may object to this Report and Recommendation by filing with the Clerk of Court no later than **May 11, 2017**, a pleading, limited to 10 pages, specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Any responses to objections are due by **May 25, 2017**, and are limited to 10 pages. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.

---

[1] See Fed. R. Civ. P. 72(b); D.N.D. Civ. L.R. 72.1.