IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

Chris Elliott, et al.,

    Plaintiffs,

-vs-

Schlumberger Technology Corporation
and Schlumberger Limited,

    Defendants.

Case No. 3:13-cv-79

**ORDER ON REPORT AND RECOMMENDATION**

The court has received a Report and Recommendation from the Honorable Alice R. Senechal, United States Magistrate Judge, recommending as follows: (1) imposition of monetary sanctions, subject to the plaintiffs' proof that Defendant Schlumberger Technology Corporation's ("STC") improper conduct led to increased attorney fees and/or expenses; (2) that certain evidence be excluded as a sanction; (3) a monetary sanction be entered against STC's counsel for failure to take measures to insure his sworn statements were true; and (4) and imposition of further nonmonetary sanctions requested by plaintiffs is unwarranted.[1]

STC objected to the magistrate judge's Report and Recommendation.[2] STC contends that the sanctions imposed by the magistrate judge are unwarranted, as it has produced over 61,000 pages of documents, responded to 49 interrogatories, responded to 164 requests for admissions, and explained that sanctions are not justified for its conduct in this action where the "stakes are high." STC also indicates that it does not intend to rely on Jacqueline French's interview notes and requests that exclusion of the evidence not be

---

[1] Doc. #393.

[2] Doc. #402.

1

characterized as a sanction. Finally, STC asserts that notice must be given and a finding of bad faith must be made prior to imposing monetary sanctions against counsel for counsel's "honest mistake". The plaintiffs have filed a response to STC's objection.[3]

A district court reviews a magistrate judge's order with respect to a non-dispositive motion under an extremely deferential clearly erroneous or contrary to law standard.[4] A finding is "clearly erroneous" when the reviewing court, upon consideration of all the evidence, is left with a definite and firm conviction that a mistake has been committed.[5] The court has reviewed STC's objections and the magistrate judge's Report and Recommendation and is not left with a definite and firm conviction that a mistake has been made.

Upon review of the record and the parties' arguments, the court finds the magistrate judge's recommendation that STC failed to respond to the plaintiffs' discovery request forthrightly is not clearly erroneous. The record establishes that STC failed to respond to the plaintiffs' discovery requests forthrightly. In light of STC's failure to respond to Interrogatory 2 forthrightly, the plaintiffs might have incurred additional attorney fees or expenses. The plaintiffs may attempt to establish the additional attorney fees or expenses incurred by filing a brief within 7 days of the date of this order. STC may file a response within 7 days of the date the plaintiffs' brief is filed.

Upon review of the record and the parties' arguments, the court finds the magistrate judge's recommendation that Jacqueline French's interview notes should be excluded for their late disclosure is not clearly erroneous. The interview notes were not timely disclosed

---

[3] Doc. #403.

[4] 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); District of North Dakota Local Rule 72.1(D)(2).

[5] In re Hernandez, 860 F.3d 591, 602 (8th Cir. 2017) (quotation and citation omitted).

and exclusion is consistent with the court's order regarding the deadline for documents to be produced. As a sanction for the late disclosure, French's interview notes are hereby excluded from evidence.

Upon review of the record and the parties' arguments, the court finds the magistrate judge's recommendation that a monetary sanction be imposed against STC's counsel for submitting a sworn declaration to the court without prior verification as to its accuracy is not clearly erroneous. Notice was given to STC's counsel of the proposed sanction by way of the magistrate judge's Report and Recommendation and counsel has been given an opportunity to respond and object. The court is well aware of counsel's explanation for his conduct and his objections to imposition of a sanction. STC's counsel concedes he made false statements. A review of the undisputed record demonstrates that STC's counsel failed to undertake any effort to verify the accuracy of statements he made in a sworn declaration.

In <u>Harlan v. Lewis</u>,[6] the Eighth Circuit Court of Appeals concluded that a showing of bad faith is not necessary to support a monetary sanction against counsel, and recognized that the "bad faith" requirement does not extend "to every possible disciplinary exercise of the court's inherent power, especially because such an extension would apply the requirement to even the most routine exercises of inherent power." The court, within its inherent power, hereby imposes a sanction in the amount of $750.00 against STC's counsel for his failure to take any measures to insure that all statements he made in a sworn declaration were true. Lawyers have a duty of candor to the court. There is no evidence to support a finding that counsel intentionally made the false statements. Rather, counsel acted recklessly in relying on his memory and, in contravention of his duty of candor,

---

[6] 982 F.2d 1255, 1259-60 (8th Cir. 1993).

undertook no efforts to verify the accuracy of the statements prior to submitting them in a sworn declaration. The court finds imposition of a modest monetary sanction is the least severe sanction available that will adequately deter the undesirable conduct. If the court believed counsel intentionally made the false statements, the sanction would have been much more severe.

The magistrate judge's Report and Recommendation is **ADOPTED** in its entirety. In addition, the court has set a briefing schedule to allow the plaintiffs an opportunity to prove the additional attorney fees or expenses it incurred as a result of STC's failure to respond to Interrogatory 2 forthrightly. In addition, the court has imposed a monetary sanction for STC's counsel's failure to take any measures to insure the accuracy of sworn statements it made in this matter. It is **HEREBY ORDERED** as follows:

(1) The plaintiffs' motion for sanctions[7] is **GRANTED in part and DENIED in part**;

(2) Jacqueline French's interview notes are excluded because of their late disclosure;

(3) A monetary sanction, subject to the plaintiffs' proof of additional fees and expenses to be provided in a supplemental brief within 7 days of the date of this order, may be imposed against STC for failure to forthrightly respond to Interrogatory 2; and

(4) A monetary sanction in the amount of $750.00 is imposed against STC's counsel for recklessly submitting a sworn declaration to the court without prior verification of the accuracy of the statements.

**IT IS SO ORDERED.**

Dated this 14th day of September, 2017.

                                          */s/ Ralph R. Erickson*
                                          Ralph R. Erickson, District Judge
                                          United States District Court

---

[7] Doc. #335.