## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Agreement") is between and among Plaintiffs (identified in the individual Settlement Release Forms, which are incorporated herein) and Defendant Schlumberger Technology Corporation ("STC" or "Defendant") (collectively "Parties").

## RECITALS

WHEREAS, Plaintiffs Chris Elliott, Raymond Genta, Richard Largent, Marc Piazza, and Kenly Hunter filed a lawsuit in the United States District Court for the District of North Dakota, Eastern Division, on September 23, 2013, alleging violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (the "FLSA") and Title 34 of the North Dakota Century Code, that was styled *Chris Elliott on behalf of himself and on behalf of all others similarly situated v. Schlumberger Technology Corporation and Schlumberger Limited (Schlumberger N.V.)*, Case No. 3:13-cv-00079-RRE-ARS ("the Lawsuit").   Raymond Genta subsequently withdrew his consent from the Lawsuit on November 15, 2016, and is not a party to this Agreement.

WHEREAS, all Plaintiffs (defined below) filed consents with the Court to join the Lawsuit.

WHEREAS, STC denies any and all wrongdoing, liability, or damages to anyone with respect to the alleged facts or causes of action asserted in the Lawsuit. Nonetheless, without admitting or conceding any liability or damages whatsoever, STC has agreed to settle the Lawsuit on the terms and conditions set forth in this Agreement to avoid the burden, expense, and uncertainty of continuing the Lawsuit.

WHEREAS, Plaintiffs' Counsel (defined below) represents that they have conducted a thorough investigation into the facts of the Lawsuit and evaluated the merits of the claims made in the Lawsuit and the impact of this Agreement on Plaintiffs. This has included an evaluation of potential damages in the event liability is found. Based upon Plaintiffs' Counsels' analysis and evaluation of a number of factors, and recognizing the substantial risks of continued litigation, including the possibility that the Lawsuit, if not settled now, might not result in any recovery whatsoever for Plaintiffs or might result in a recovery that is less favorable to Plaintiffs, Plaintiffs' Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate and that this Agreement is in the best interest of Plaintiffs.

WHEREAS, Plaintiffs understand and agree that the above Recitals are incorporated by reference and are true and a material part of this Agreement.

NOW, THEREFORE, in consideration of the mutual covenants, promises, and definitions set forth in this Agreement, as well as the good and valuable consideration provided for herein, which is full and adequate consideration for this Agreement, the Parties hereto agree to a full and complete settlement of the Lawsuit on the following terms and conditions:

EXHIBIT "1"

1. **DEFINITIONS**

   For the purposes of this Agreement, the following words and terms shall be defined to have the meanings set forth below.

   1.1 **Court** means the United States District Court for the District of North Dakota, Eastern Division.

   1.2 **Effective Date** means the first business day following the date the Court dismisses the matter with prejudice and the satisfaction of the conditions set forth in Section 4.1.

   1.3 **Final Approval Order** means the Order to be entered by the Court approving this Agreement without modification, or as modified by the Court with the Parties' consent, or as modified by agreement of the Parties dismissing the Lawsuit with prejudice, with each party bearing its own costs and fees.

   1.4 **Defendants' Counsel** means The Kullman Firm and The Vogel Law Firm, including Samuel Zurik III, Robert P. Lombardi, Jessica L. Marrero, Bryan E. Bowdler, M. Daniel Vogel, and Robert Stock.

   1.5 **Parties** mean Plaintiffs and STC.

   1.6 **Plaintiffs** mean Chris Elliott, Richard Largent, Marc Piazza, Kenly Hunter, and the one-hundred thirty (134) opt-in plaintiffs identified in the Motion to Certify Class for Settlement Purposes Only, and their agents, representatives, assignees, heirs, executors, administrators, beneficiaries, and trustees.

   1.7 **Plaintiffs' Counsel** means The Wilking Law Firm and Kennedy Hodges, LLP, including Leo F.J. Wilking, Don J. Foty, and Galvin B. Kennedy.

   1.8 **Released Claims** mean any wage and hour claim of any type of any between Plaintiff and the Released Parties (defined below), including without limitation any claim under the FLSA or any state or local law pertaining to wages or wage payments, and any other claim for any type of wages. These claims specifically include any and all claims for unpaid overtime wages, underpayment of wages, nonpayment of wages, bonuses, incentive compensation of any type, or any and all other types of compensation, hours of work, rest, meal, travel, shift or break time claims, liquidated or other damages, costs, penalties, interest, attorneys' fees, litigation expenses (both those incurred to date and those still to be incurred in resolving this dispute), expert costs, restitution, or other compensation and relief arising under the FLSA, any other federal, state, or local law pertaining to the payment of wages.  Except for Plaintiffs Chris Elliott, Richard Largent, Marc Piazza, and Kenly Hunter, this release does preclude an award of any incidental damage claims for lost wages arising out of a cause of action other than a wage and hour claim. It further includes any and all other claims and damages of any type

which have arisen, could have arisen or could arise between Plaintiffs Chris Elliott, Richard Largent, Marc Piazza, and Kenly Hunter and the Released Parties related to their employment with the Released Parties, the cessation of their employment with the Released Parties and/or from any actions or inactions that occurred at any time up to the time and date that Plaintiffs Chris Elliott, Richard Largent, Marc Piazza, and Kenly Hunter sign their Settlement Release Form, including without limitation those prior to their employment, during their employment, and after their employment.

1.9 **Released Parties** means STC and its past, present, and future parents, d/b/a's, joint ventures, divisions, subsidiaries, partnerships, affiliates, successors, successors in interest, asset purchasers, assigns, predecessors, and other related entities (whether or not they are wholly owned), including but not limited to MI, LLC together with the directors, officers, board of directors, owners, lessees, managers, shareholders, underwriters, insurers, re-insurers, employees, agents, assigns, and attorneys of any of them.

1.10 **Settlement Amount** means the gross amount of One Million Three-Hundred Fifty Thousand Dollars ($1,350,000.00), which includes without limitation any and all wage and non-wage based relief, any damages, including, but not limited to, all back pay, liquidated damages, incentive awards for Chris Elliott, Richard Largent, Marc Piazza, and Kenly Hunter, and all attorneys' fees, expenses and costs, including but not limited to any amounts due or potentially due pursuant to the Order on Report and Recommendation (Doc. 411) and any administrative costs and expert fees. The Settlement Amount does not include the employer's share of payroll taxes which will be paid separately by STC. The Settlement Amount will be distributed by STC through Plaintiffs' Counsel in accordance with the terms and conditions of this Agreement.

## 2.   SETTLEMENT PAYMENTS AND OTHER RELIEF

### 2.1   Attorneys' Fees and Costs

a.   After satisfaction of all conditions, a portion of the Settlement Amount will be paid by STC to Plaintiffs' Counsel satisfying any and all claims to attorneys' fees, experts' fees, administrative costs, expenses, other costs, relief, damages and any and all other amounts incurred on Plaintiffs' behalf. Plaintiffs' Counsel has determined this portion to be Six-Hundred Seventy-Five Thousand Dollars ($675,000.00), which includes two hundred twenty eight thousand four hundred and fifty seven Dollars and one cent ($228,457.01) in reasonable and necessary expenses/costs. This payment will be made payable to Kennedy Hodges, LLP. If this amount is reduced by the Court for any reason, the reduced amount will be distributed to Plaintiffs on a pro rata basis.

b.    This payment will be made within ninety (90) days of: (1) the Court's approval of the Agreement, or (2) the date when 50% of all Plaintiffs have accepted their share of the Settlement Amount by executing their respective Settlement Release Forms, W-9s, and W-4s and delivering such forms to Defendants' Counsel, whichever occurs earlier, as long as the Agreement has been approved by the Court.

c.    This amount shall be reported on an IRS form 1099 for Kennedy Hodges, LLP and for Plaintiffs.

d.    Beyond this amount, the Released Parties shall not have any additional liability for any other attorneys' fees, expenses or costs, including, without limitation, any administrative costs and expert fees.

**2.2**    **Payment to Plaintiffs.**  Absent additional pro rata disbursements identified and provided for in Section 2.1, the maximum payment to Plaintiffs shall be Six-Hundred Seventy-Five Thousand Dollars ($675,000.00), not to include the employer's share of payroll taxes which will be paid separately by STC. The Six-Hundred Seventy-Five Thousand Dollars ($675,000.00), to the extent it is disbursed, will be paid as follows:

a.    **Incentive Award.**  Chris Elliott, Richard Largent, Marc Piazza, and Kenly Hunter, in addition to any amount allocated to them pursuant to Section 2.2(b), are eligible to receive an incentive award as determined by Plaintiffs' Counsel, not to exceed Thirty-Six Thousand Dollars ($36,000.00) in the aggregate. Any incentive award will be included in the amount on the form 1099 issued to Chris Elliott, Richard Largent, Marc Piazza, and Kenly Hunter. If an incentive award is not approved or is reduced by the Court, that amount shall be redistributed among the remaining Plaintiffs on a pro rata basis.

b.    **Settlement Funds.**  The remaining Six-Hundred Thirty-Nine Thousand Dollars ($639,000.00) will be distributed among all Plaintiffs as determined by Plaintiff's Counsel, subject to approval by STC, which shall be finalized by the Parties prior to submission of this Agreement to the Court. Payment shall be made in two checks of equal (gross) amounts, one representing wage payments subject to withholding, and the other representing non-wage payments for which no taxes will be withheld.

c.    **Date of Payment.**  STC will mail each Plaintiff's share of the Settlement Amount under this Agreement directly to Kennedy Hodges, LLP, within the later of: (1) forty-five (45) days after delivery to STC's Counsel of the Plaintiff's form W-9s, W-4s, and signed Settlement Release Form, or (2) thirty (30) days after the Court approves the Agreement.

    **d.**    **Rescission.** If a Plaintiff fails to execute and return to STC a form W-9, form W-4, and Settlement Release Form within ninety (90) days of approval of this Agreement by the Court, said Plaintiff's portion of the Settlement Amount will revert to STC.

**2.3**    **Taxability of Settlement Payments**

    **a.**    Plaintiffs acknowledge and agree that they have not relied upon any advice whatsoever from STC and/or Defendants' Counsel as to any provision of this Agreement, or as to the taxability, whether pursuant to Federal, State or local income or employment tax statutes or regulations or otherwise, of the Settlement Amount, action taken, or consideration transferred hereunder and that Plaintiffs will be solely liable for all tax obligations associated with those payments. Plaintiffs hereby waive, release, forever discharge and agree to indemnify, defend, and hold the Released Parties harmless with respect to any actual or potential tax obligations, claims, demands, deficiencies, levies, assessments, executions, judgments or recoveries by any governmental entity against the Released Parties for any amounts claimed due as a result of this Agreement or pursuant to claims made under Federal or State tax laws, except as provided for herein, and any costs, expenses or damages sustained by the Released Parties by reason of such claims including without limitation any amounts paid by the Released Parties as taxes, attorneys' fees, deficiencies, levies, assessments, fines, penalties, interest or otherwise.  However, prior to incurring attorney's fees and costs in defense of the matter, Released Parties will present the claim to Plaintiffs.  In the event that Plaintiffs are not able to resolve the matter, the cost of defense will be part of the indemnity.

    In accordance with the provisions of Sections 2.2 and 2.3(a), payment of all amounts described in this Agreement will be subject to tax withholdings and/or reporting to the extent required by law. As with the non-wage portions of each Plaintiff's respective share of the Settlement Amount, the incentive award payments to Chris Elliott, Richard Largent, Marc Piazza, and Kenly Hunter will be treated as form 1099 payments.  All of the other payments that are issued to Plaintiffs shall reflect all applicable withholdings made known at the time and subject to the provisions of Section 2.3(a) above. STC shall deduct any withholdings or taxes or payments to governmental authorities, on behalf of Plaintiffs and STC, associated with payments pursuant to this Agreement.

**2.4**    **No Further Obligation.** Plaintiffs, Plaintiffs' Counsel, and STC agree and acknowledge that the Settlement Amount referenced in Section 1.10 of this Agreement and employer tax contributions referenced in Section 2.2 of this Agreement represents the Released Parties' maximum financial obligations under this Agreement. Plaintiffs, Plaintiffs' Counsel, and STC further agree and acknowledge that the Released Parties shall have no further monetary obligation

whatsoever, including but not limited to any monetary obligations with respect to Plaintiffs, Plaintiffs' Counsel, the Lawsuit or liens of any type.

## 3. PAYMENT ADMINISTRATION

**3.1    Payment Process.**  STC will mail Plaintiffs' and Plaintiffs' Counsels' respective portions of the Settlement Amount under this Agreement directly to Don Foty, Kennedy Hodges, LLP, 4409 Montrose Blvd., Suite 200, Houston, Texas, 77006, within the time periods delineated in Section 2.2(c) of this Agreement.

**3.2    Uncashed Checks.**  If a Plaintiff executes and delivers to STC a W-9, W-4, and Settlement Release Form, but for whatever reason the check representing his or her portion of the Settlement Amount remains uncashed, the amount of the check will be deposited in the unclaimed funds division of the particular state for said Plaintiff.

## 4. CONDITIONS OF SETTLEMENT

**4.1    Conditions of Settlement.** This Agreement is expressly conditioned on and subject to each of the following conditions:

**a.**    The Court enters the Final Approval Order and the Lawsuit is dismissed with prejudice with each side bearing its own costs and fees; and

**b.**    The Effective Date shall have occurred.

## 5. RELEASE OF CLAIMS

**5.1    Release**.   As of the Effective Date, Plaintiffs and their heirs, executors, administrators, estates, predecessors-in-interest, predecessors, successors-in-interest, successors, attorneys', legal representatives, and assigns, fully, finally and forever release, settle and discharge the Released Parties from and with respect to the Released Claims and are forever barred and enjoined from commencing, instituting or prosecuting any action or other proceeding, in any forum, asserting any of the Released Claims against any of the Released Parties.

## 6. MISCELLANEOUS PROVISIONS

**6.1    Non-Disparagement.** Plaintiffs and Plaintiffs' Counsel hereby agree not to make any disparaging statements to the media or to any other third party about the Released Parties, and Plaintiffs and Plaintiffs' Counsel agree not to contact media, or respond to media, regarding the fact of this Agreement, the terms of the Agreement or the amount of this Agreement or undertake any affirmative efforts to generate media coverage, Internet postings, or any other publicity concerning this Agreement or the resolution of the Lawsuit. Plaintiffs and Plaintiffs' Counsel shall issue no press release, publication, or make any other public statement concerning this Agreement or the resolution of this Lawsuit.  A neutral reference (employment

verification) will be provided to any current or prospective employer who properly submits a written request via email to NAMvoe@SLB.com, providing the employee's full name, GIN, last four digits of SSN, written authorization by the employee to disclose the information, and return email address.

6.2     **No Third-Party Beneficiaries.** Except as specifically provided herein, this Agreement shall not be construed to create rights in, or to grant remedies to or delegate any duty, obligation or undertaking established herein, to any third party as a beneficiary of this Agreement.

6.3     **Affirmations.**  Plaintiffs affirm that they have carefully read this Agreement.  They affirm that they possess sufficient education and/or experience to understand fully the extent and impact of its provisions.  They affirm that they are fully competent to execute this Agreement, are over the age of 21, have no incapacity or condition of any type that would prevent them from understanding or executing this Agreement, and that they execute this Agreement knowingly, voluntarily and without any coercion, undue influence, threat, or intimidation of any kind or type.

6.4     **Necessary Actions.**  Plaintiffs, Plaintiffs' Counsel, and STC shall take all necessary actions to secure entry of the Final Approval and Dismissal Order by the Court and dismissal of the Lawsuit with prejudice with each side bearing its own costs and fees.

6.5     **Deadlines.** If any deadline set forth in this Agreement falls on a Saturday, Sunday or legal holiday, that deadline shall be continued to the next business day.

6.6     **Headings.** The headings in this Agreement are solely for the convenience of the attorneys for the Parties and the Court. The headings shall not be deemed to be a part of this Agreement and shall not be considered in construing or interpreting this Agreement.

6.7     **Choice of Law.** This Agreement shall be construed and interpreted in accordance with the laws of the State of Texas.

6.8     **Venue.**  Venue for any action arising out of or in connection with this Agreement shall exclusively rest in the federal or state court having jurisdiction over Fort Bend County, Texas.

6.9     **Interpretation.** In the event that anyone is called upon to interpret this Agreement, no one party shall be deemed to have drafted this Agreement.

6.10    **Assignment.** This Agreement shall be binding upon, and inure to the benefit of the Released Parties and Plaintiffs as Released Parties and Plaintiffs are defined herein.

6.11    **Entire Agreement.** This Agreement, including the Settlement Release Forms, embodies the entire agreement and understanding of the Parties hereto with regard

to the matters described herein and supersedes any and all prior and/or contemporaneous agreements and understandings, written and oral, between the Parties.

**6.12    Amendment to Agreement**. Any amendment to this Agreement must be in writing signed by a duly authorized representative of each Party and stating the intentions of the Parties to amend this Agreement.

**6.13    Non-Waiver.**  Any Party's failure to enforce this Agreement in the event of one or more events that violate this Agreement shall not constitute a waiver of any right to enforce this Agreement or against subsequent violations.

**6.14    Executed in Counterparts.** This Agreement may be executed in counterparts, each of which may be a separate document, and all of which together shall be deemed and considered an original of this Agreement. The Parties hereto agree to accept facsimile or electronic submission of copies of Settlement Release Forms as and in place of originals.

**6.15    No Admission of Liability.** Neither this Agreement, the Settlement Release Forms nor the terms of the Agreement and Settlement Release Forms are evidence, or a presumption, admission or concession by any Party, any signatory hereto, or any of the Released Parties, of any fault, liability, or wrongdoing whatsoever, or lack of any fault, liability, or wrongdoing, as to any facts or claims alleged or asserted in the Lawsuit, or any other action or proceedings. Neither this Agreement, the Settlement Release Forms nor the terms of the Agreement and Settlement Release Forms are a finding or evidence of the validity or invalidity of any claims or defenses in the Lawsuit or any wrongdoing by any of the Released Parties or of any damage or injury to Plaintiffs.

Executed and agreed to this ___ day of _____, 2017.

**[SIGNATURES ON FOLLOWING PAGES]**

PLAINTIFF'S COUNSEL

_____

Name: _____

Date: _____

CHRIS ELLIOTT

_____

Date: _____

RICHARD LARGENT

_____

Date: _____

MARC PIAZZA

_____

Date: _____

KENLY HUNTER

_____

Date: _____

| Count | HM Name | Gross |
|---|---|---|
| 1 | ASHPAUGH MICHAEL | $4,669.29 |
| 2 | ATKINS FREDRICK | $5,486.71 |
| 3 | BADILLO DAVID | $3,764.60 |
| 4 | BAILEY PAUL | $2,986.18 |
| 5 | BAKER WILLIAM | $1,945.69 |
| 6 | BARBER WILSON | $500.00 |
| 7 | BARNUM TAYLOR | $18,033.99 |
| 8 | BARNES STEVE | $4,433.81 |
| 9 | BATES AUBREY | $500.00 |
| 10 | BAUER ROBERT | $3,892.79 |
| 11 | BERNARD KELLY | $500.00 |
| 12 | BLACKBURN TODD | $2,169.01 |
| 13 | BOHR WILLIAM | $17,605.73 |
| 14 | BOSCH TRAVIS | $500.00 |
| 15 | BOWMAN JOSEPH | $2,123.79 |
| 16 | BRADSHAW BRIAN | $500.00 |
| 17 | BROWN CURTIS | $500.00 |
| 18 | BROWN WILLIAM | $4,433.81 |
| 19 | BUCKINGHAM BRANDON | $500.00 |
| 20 | BUTIKOFER RONALD | $3,570.32 |
| 21 | CAUDILL CODY | $8,117.20 |
| 22 | CERKONEY BRIAN | $4,517.51 |
| 23 | CHIDESTER KEVIN | $2,322.42 |
| 24 | COBB MATTHEW | $500.00 |
| 25 | COLE DALE | $500.00 |
| 26 | CONNOR ERIC | $2,123.79 |
| 27 | CONRAD CHRISTIAN | $500.00 |
| 28 | CRAFT STEVEN | $3,874.89 |
| 29 | CRALL JERRY | $9,147.85 |
| 30 | DALBERG SETH | $500.00 |
| 31 | DAVIS ZACHERY | $2,599.29 |
| 32 | DEIBERT ALEXANDER | $9,486.49 |
| 33 | DICKEY KENNETH | $3,143.65 |
| 34 | DIGERNESS ERIC | $500.00 |
| 35 | EDMISON JAMES | $13,182.89 |
| 36 | EDWARDS SCOTT | $500.00 |
| 37 | ELLIOTT CHRISTOPHER | $1,393.35 |
| 38 | EVANS LUIS | $500.00 |
| 39 | FINCH TRUMAINE | $500.00 |
| 40 | GOETZ JR RONNY | $1,799.25 |
| 41 | GOODSON WESLEY | $5,908.27 |
| 42 | GOULD KYLE | $2,123.79 |
| 43 | HAGLER STEVEN | $500.00 |
| 44 | HAMMOND JOHN | $2,172.01 |
| 45 | HANDY COLIN | $17,330.52 |
| 46 | HATTEN KERRY | $500.00 |

EXHIBIT "1-A"

| Count | HM Name | Gross |
|---|---|---|
| 47 | HAYS JASON | $5,462.50 |
| 48 | HERSHEY JAMES | $6,691.79 |
| 49 | HERSHEY ROBERT | $11,980.69 |
| 50 | HETCHLER MARK | $500.00 |
| 51 | HICKMAN WINFRED | $15,636.79 |
| 52 | HILL DARREN | $12,375.57 |
| 53 | HINES JIMMY | $15,179.78 |
| 54 | HODOSI ROBERT | $12,279.77 |
| 55 | HUNTER KENLY | $5,425.76 |
| 56 | HUTCHINS JEREMIAH | $4,875.10 |
| 57 | ISER ROGER | $500.00 |
| 58 | JENKS BRYAN | $6,856.45 |
| 59 | JENNE DONALD | $3,487.31 |
| 60 | JENSEN ANTHONY | $500.00 |
| 61 | JENSEN CHARLES | $4,148.54 |
| 62 | JORDAN GARY | $500.00 |
| 63 | KAMOE EDWARD | $2,832.11 |
| 64 | KARVONEN JOSEPH | $500.00 |
| 65 | KELLER BRET | $6,627.16 |
| 66 | KINSEY TODD | $3,974.89 |
| 67 | KNOWLES DAVID | $500.00 |
| 68 | LAME KENNETH | $980.17 |
| 69 | LANE MARK | $500.00 |
| 70 | LANGSDORF ZACHARY | $31,312.36 |
| 71 | LARGENT RICHARD | $4,524.68 |
| 72 | LARSON MICHAEL | $2,123.79 |
| 73 | LAW DCAMERON | $6,061.06 |
| 74 | LEAHY AMBROSE | $500.00 |
| 75 | LEDET JONATHAN | $5,901.18 |
| 76 | LEMKE NICHOLAS | $1,477.00 |
| 77 | MARSHALL RICHARD | $15,081.13 |
| 78 | MCABEE KEVIN | $1,957.49 |
| 79 | MICKELSEN JEREMY | $4,260.85 |
| 80 | MILLER KEVIN | $20,529.63 |
| 81 | MINIEAR JAMES | $6,272.66 |
| 82 | MITCHELL KHOREY | $779.33 |
| 83 | MOORE MITCHELL | $7,097.12 |
| 84 | MORGAN ANDREW | $500.00 |
| 85 | MORGAN STEVEN | $849.76 |
| 86 | MOSS THOMAS | $4,887.69 |
| 87 | MULNEIX PHILLIP | $500.00 |
| 88 | NABORS JEFFREY | $25,379.54 |
| 89 | NIELSON CAL | $500.00 |
| 90 | OBRIEN MAURICE | $9,214.46 |
| 91 | OLGIN MARTIN | $5,055.58 |
| 92 | OLHEISER KURT | $2,263.68 |

| Count | HM Name | Gross |
|---|---|---|
| 93 | ORNER BRYAN | $7,164.15 |
| 94 | OUTCELT JAKE | $3,723.55 |
| 95 | PADLEY GERALD | $10,412.14 |
| 96 | PELLETIER DANIEL | $4,595.86 |
| 97 | PIAZZA MARC | $5,446.01 |
| 98 | PIERREUSE OLIVIER | $4,433.81 |
| 99 | POWERS JACOB | $7,658.07 |
| 100 | RADFORD JARED | $5,395.50 |
| 101 | READ BENJAMIN | $2,063.85 |
| 102 | REYNA JUAN | $500.00 |
| 103 | RIDER DERODERICK | $500.00 |
| 104 | ROBERTSON PETER | $2,123.79 |
| 105 | ROSE ADRIAN | $5,430.47 |
| 106 | SANDERS JASON | $500.00 |
| 107 | SCHMIDT  JASON T | $3,709.86 |
| 108 | SCHONHERR THOMAS | $500.00 |
| 109 | SESSIONS ROBERT | $2,123.79 |
| 110 | SHARPE LINDSEY | $500.00 |
| 111 | SHOAF AARON | $7,055.77 |
| 112 | SIMONSON JERRY | $10,272.65 |
| 113 | SLATER DONALD | $500.00 |
| 114 | SMITH BRANDON | $10,415.52 |
| 115 | SMITH LEO | $2,123.79 |
| 116 | SMITH ROYCE | $4,369.33 |
| 117 | STANGER STEVE | $500.00 |
| 118 | STEVENS KELLY | $500.00 |
| 119 | TAYLOR CHRISTOPHER | $500.00 |
| 120 | THURGOOD RICK | $4,433.81 |
| 121 | TKACHYK MICHAEL | $500.00 |
| 122 | TORRES EBER | $8,216.47 |
| 123 | TUCKER CHARLES | $500.00 |
| 124 | UPSHAW PAUL | $4,915.97 |
| 125 | VALENTINE JAMES | $6,198.31 |
| 126 | VANDUSEN RICHARD | $8,517.52 |
| 127 | VICENTE PETE | $22,736.11 |
| 128 | WARD RICHARD | $2,123.79 |
| 129 | WARNKE NICK | $2,517.88 |
| 130 | WEBB HILLARY DALE | $2,123.79 |
| 131 | WHEATON EVAN | $500.00 |
| 132 | WHEATON MATTHEW | $3,733.57 |
| 133 | WHEATON SHAUN | $1,324.75 |
| 134 | WILLIAMS ANTONIO | $4,433.81 |
| 135 | WILLIAMS TRACY | $4,433.81 |
| 136 | WILLIE ERIC | $2,123.79 |
| 137 | WILSON NATHANIEL | $3,946.47 |
| 138 | YAGER JACOB | $500.00 |